UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TURNBERRY PAVILION PARTNERS, L.P.,

    Plaintiff,

v.

M.J. DEAN CONSTRUCTION, INC.,

    Defendant.

Case No. 2:07-CV-01042-KJD-PAL

**ORDER**

    Presently before the Court is Defendant M.J. Dean Construction, Inc.'s Motion for Summary Judgment (#22). Plaintiff filed a response in opposition (#23) to which Defendant replied (#24). Plaintiff also filed a Supplement (#27) to which Defendant replied (#28).

I.  Procedural History

    The present action is part of litigation flowing from the development and construction of One Turnberry Place, a luxury condominium highrise tower. In 1999, Defendant M.J. Dean Construction, Inc. ("Dean") entered into contracts with Plaintiff Turnberry Pavilion Partners, LLC ("Turnberry") the owner and developer of One Turnberry Place, to perform work during the construction of the tower. Specifically, Turnberry alleges that Dean was hired as the construction manager for the tower. Dean was also the subcontractor for the concrete work, the installation of the doors, and the placing

and reinforcement of steel and post-tension cable on the tower.  The contracts contained provisions requiring Dean to indemnify and defend Turnberry.

On or about July 2, 2001, Turnberry was sued by Malco, Inc. ("Malco") who had been awarded the contracts for the exterior finish and insulation system, interior drywall, interior painting, site walls, and the gatehouse tower.  Malco sought to foreclose on its mechanic's lien on the tower claiming that Turnberry owed Malco more than $3,000,000.00 for materials, supplies, and merchandise.  Malco also alleged breach of contract for Turnberry's failure to pay the November 2000 draw, failure to pay undisputed and approved change orders, and failing to appropriately schedule the various trades' access to the towers so that Malco had timely access to the work space.  Malco's primary focus was for breach of contract and foreclosure of its mechanic's lien to secure its right to payment.

On July 21, 2006, judgment ("the Malco Judgment") was entered for Malco in the amount of $2,336, 297.57 plus pre-judgment interest.  The court found that Malco encountered "serious problems" and suffered "unanticipated delay and expense as a result of Dean's concrete work."  The court found additional wrongdoing on the part of Dean, who was not a party to the action, that caused delay, repair and overtime costs to Malco, including improper coordination of the trades, and mismanagement of the sole manlift, or construction elevator, that could access the top of the tower.  The court awarded Malco $1,389,603.20 for its lost production claim and $175,960.00 for uncompensated overtime.  On appeal the judgment was settled for $2,153,883.71.

On September 17, 2004, the condominium owners at One Turnberry Place, through their condominium association, brought suit ("the One Turnberry Action") against Turnberry for construction defects.  Turnberry denied the allegations and filed a third-party complaint against the subcontractors alleged to have cause the construction defects, including Malco and Dean.  A substantial part of the litigation was the dispute over Dean's role on the project.  Particularly, Turnberry and its experts alleged that Dean was liable as a result of Dean's alleged role as

construction manager, an allegation denied by Dean. Dean's role in scheduling trades and overseeing the work of subcontractors was also contested.

In 2007, the One Turnberry Action resulted in a settlement among the association, Turnberry and the subcontractors. Specifically, it was "the express intention of the settling parties in entering into [the] **Agreement** that the releases...releases [sic] and resolves all past, present, and future claims known relative to defects and deficiencies alleged in this **Litigation**." Without admitting liability or fault Turnberry and the subcontractors agreed to pay nearly $9,000,000.00 to the association to settle its construction defect claims. Dean's portion was $600,000.00. Turnberry paid $2,000,000.00.

The Release provision of the settlement agreement read:

> "In consideration of this **Agreement**, the **Settling Parties**...hereby mutually release and forever discharge one another as to any and all demands, liens, claims, assignments, contracts, covenants, actions, suits, causes of action, costs, expenses, attorneys fees, damages, losses, claims, controversies, judgments, orders and liabilities of whatsoever kind and nature...now known with respect to the **Claims** asserted in the **Litigation**[.]"

SETTLEMENT AGREEMENT AND RELEASE, Defendant's Motion for Summary Judgment, Ex. 4, p.4. The Settlement Agreement also defined **Claim** or **Claims** as:

> "...any and all claims, demands, liabilities, damages, complaints, causes of action, intentional or negligent acts, intentional or negligent omissions, misrepresentations, breach of contract, breach of warranty, economic damages, non-economic damages, property damage, loss of use, attorneys fees, expert fees, repair costs, investigative costs, or damage of every kind and nature whatsoever, known, alleged or asserted in the **Litigation**[.]"

Id. at p.2. **Litigation** was defined as:

> "...any and all claims asserted in the **Subject Action**, as set forth in Plaintiff's Complaint...Defendant's Third Party Complaint, all Fourth Party Complaints, and any and other claims as set forth in the final and supplemental reports of the following Plaintiff's experts: Christopher Allen, [etc.]"

Id.

On August 7, 2007, Turnberry filed the instant suit against Dean for indemnity, contribution, and declaratory relief. Turnberry seeks indemnity based on the Malco Judgment in which Malco was

3

found to have suffered "unanticipated delay, expense and additional costs cause [sic] by the acts and omissions of MJ Dean at Tower 1" for which Turnberry paid Malco.

On May 20, 2008, Dean filed the present motion for summary judgment asserting that the Settlement Agreement in the One Turnberry Action encompassed the current claims and forecloses Turnberry's action.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine

4

issue" of material fact precluding summary judgment. <u>Villiarimo v. Aloha Island Air Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See <u>Anderson</u>, 477 U.S. at 248.

### III.  Analysis

"The construction and enforcement of settlement agreements are governed by principles of local law[.]" <u>United Comm. Ins. Serv., Inc. v. Paymaster Corp.</u>, 962 F.2d 853, 856 (9th Cir. 1992).  In Nevada, the construction and interpretation of settlement agreements is governed by principles of contract law, because "a settlement agreement is a contract." <u>May v. Anderson</u>, 119 P.3d 1254, 1257 (Nev. 2005).   The language of a contract must be given its plain meaning "when the contract is clear on its face[.]" <u>Canfora v. Coast Hotels and Casinos, Inc.</u>, 121 P.3d 599, 603 (Nev. 2005).  A clear and unambiguous contract "cannot be distorted into meaning anything other than what is implied by the language used[.]" <u>Talbot v. Nev. Fire Ins. Co.</u>, 283 P. 404, 405 (Nev. 1930).

The Court finds the language of the contract is clear and unambiguous and clearly sets out that the One Turnberry Action Settlement Agreement releases any right of indemnity Turnberry had from Dean resulting from the Malco Judgment.  The Agreement expressly set out that the "intention" of the settlement was to release "all past, present, and future claims known relative to defects and deficiencies alleged in this Litigation."  The parties expressly defined "Litigation" to include not just the claims asserted in the original complaint, but also Turnberry's Third Party Complaint and Plaintiff's expert reports.

Defendant's Third Party Complaint alleged that Plaintiff's damages were proximately caused by Dean and the other subcontractors and sought indemnity and contribution from them.  The same negligence or other wrongs alleged by Turnberry encompass the conduct the court found had caused Malco's damages in the original action that Turnberry now seeks indemnity for.  The causes of action

in Turnberry's third party complaint – as they relate to Dean – stem from Dean's work on the project under the alleged contracts: two separate AIA contracts between Turnberry and Dean and two subcontracts for two separate and distinct scopes of work.[1]  Indemnity claims for Dean's alleged acts or omissions in execution of any contractual or equitable rights it allegedly owed Turnberry fall within the scope of claims "of every kind and nature whatsoever, known, alleged or asserted in the Litigation."

Additionally, it is clear that the facts supporting this "past" claim for indemnity were asserted in the Litigation, because Plaintiff's expert reports detailed the same concrete defects which the court found supported Malco's claims.  The other primary focus of the One Turnberry Action, as it related to Dean, was Dean's alleged role as the "Construction Manager" on the site.  Turnberry and its experts contended during the One Turnberry Action that Dean was liable for defects alleged because of Dean's role in construction scheduling and observation of construction.  It is evident from the underlying record, including Dean's opposition to Malco's motion for summary judgment in the One Turnberry Action, and the expert reports and the deposition testimony outlined in Dean's present motion, that the issues that arose in the prior litigation were "known, alleged, and asserted in the Litigation[.]"

The Settlement Agreement arising from the One Turnberry Action clearly and unambiguously released the present claims arising from the Malco Judgment.  Accordingly, the Court must grant Defendant's motion for summary judgment.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant M.J. Dean Construction, Inc.'s Motion for Summary Judgment (#22) is **GRANTED**;

---

[1] See Plaintiff's Complaint (#1) at p.2, l.14-18.  Through all the litigation the parties have disagreed over whether the two AIA contracts were ever fully executed, as the copies at issue in the One Turnberry Action are not signed by all the parties.

1 IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant and against Plaintiff.

DATED this 31st day of March 2009.

_____
Kent J. Dawson
United States District Judge